## UNITED STATES v. PEOPLES SAVINGS BANK IN PROVIDENCE et al.

No. 6252.

United States District Court
D. Rhode Island.
Jan. 30, 1952.

George F. Troy, U. S. Atty., Providence, R. I. (Joseph L. Breen, Asst. U. S. Atty., Providence, R. I.; of counsel), for the United States.

Edwards & Angell, and Hogan & Hogan, Providence, R. I. (William H. Edwards, Ronald B. Smith, Edward T. Hogan and Laurence J. Hogan, Providence, R. I., of counsel), for Peoples Savings Bank in Providence.

Charles M. Robinson, Providence, R. I. (Robinson, Robinson & Adelson, Providence, R. I., on the brief), for Raymond H. Blake.

Thomas J. Paolino and Benedetto A. Cerilli, Providence, R. I. (Dooley, Dunn § Paolino, Providence, R. I., on the brief), for Auburn Realty Co.

Peter W. McKiernan, Providence, R. I. (Charles A. Kiernan, Providence, R. I., on the brief), for Charles J. Riley.

LEAHY, District Judge.

On April 2, 1951, the Grand Jury in the United States District Court for the District of Rhode Island returned indictment numbered 6252.

Indictment No. 6252 charged defendants, "Peoples Savings Bank In Providence", Raymond H. Blake, Assistant Treasurer, Ralph L. Smith, Assistant Secretary, Auburn Realty Company, Inc., Lawrence A. Paolino, President and Charles J. Riley in thirteen counts with violations of Title 18 U.S.C. §§ 80 and 88 (1946 ed.),[1] the false claims and conspiracy statutes. All of the offenses charged are alleged to have occurred during the calendar year 1947, the latest in point of time being on October 28, 1947.

All the defendants were arraigned in this court and entered pleas of not guilty. The individual defendants were admitted to bail.

Motions were filed to dismiss the indictment on various grounds. The ground common to all the motions was the ground involving the statute of limitations.

1. See 1948 Revised Criminal Code, 18 U.S.C.A. §§ 287, 371, 1001.

440

The motions were argued on all grounds and counsel have submitted briefs.

Counsel for defendants, among other things, argued that since the offenses alleged occurred in 1947 and the indictment was not returned until April 2, 1951, prosecution was barred by the three year statute of limitations under Title 18 U.S.C. § 3282.

The government argued that by virtue of the Wartime Suspension of Limitations Act of 1942, Title 18 U.S.C. (1946 ed.) § 590a,[2] the running of statutes of limitations in cases of fraud against the Government was suspended for three years after the date of the President's Proclamation terminating hostilities in World War II. This proclamation was dated December 31, 1946 (12 Fed.Reg. 1).

Because two cases involving the precise point were before the Supreme Court of the United States, decision on the question involved here was postponed.

On January 7, 1952, the United States Supreme Court rendered decisions in United States v. Smith (United States v. Dailey), 72 S.Ct. 260.

The Supreme Court ruled in those cases that the Wartime Suspension of Limitations Act of 1942 applied only to offenses committed prior to the date of the Presidential Proclamation, December 31, 1946, and not to offenses committed thereafter. The decision of the Supreme Court in those cases is controlling in the instant case, because the offenses here are alleged to have been committed after December 31, 1946. There the court held that the three year statute of limitations applied, and affirmed the dismissal of the indictments.

Accordingly, the motions to dismiss the indictment by each defendant are granted and indictment numbered 6252 is dismissed as to each and all defendants.

In view of this ruling, it is not necessary to consider other grounds set forth in the motions to dismiss.

Counsel may submit appropriate orders in accordance with this opinion.

2. See 1948 Revised Criminal Code, 18 U. S.C.A. § 3287.

1. See 1948 Revised Criminal Code, 18 U. S.C.A. §§ 287, 1001.